# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY LEE LONG,

                Plaintiff,       :       Case No. 3:14-cv-180

                                    District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

ELAINA BRADLEY, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In

deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

Plaintiff's Complaint is very difficult to understand but appears to relate to a case in the Domestic Relations Division of the Clerk County Common Pleas Court in which Elaina Bradley, a Defendant here, is the Petitioner; Plaintiff is the Respondent, and Defendant Magistrate Patrick B. Phillips is an assigned judicial officer. Springfield Detective Stephen King, a Defendant here, may have some relationship to that case which is not disclosed. In the Clark County Case, Ms.

Bradley sought a stalking civil protection order which, according to the Clerk of Courts online docket, was granted on June 11, 2014.

While it is unclear what relief Plaintiff seeks from this Court, a federal court must abstain from interference with state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *New Orleans Public Services, Inc., v. Council of the City of New Orleans*, 491 U.S. 350 (1989). *Younger* abstention applies to state civil proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). *Younger* requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). There can be little doubt that the States have an interest in preventing domestic violence, the evil for which civil stalking protection orders are designed. Nor can it be doubted that Plaintiff has a remedy for any impropriety done to him in the Clark County case by appeal to the Clark County Court of Appeals.

It is therefore respectfully recommended that the Complaint herein be DISMISSED WITHOUT PREJUDICE. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

The Clerk is ORDERED not to issue process in this case pending further order.

June 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).